# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAMMY LEE MEBANE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:11CR301-2 |
| ) | 1:15CV711 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per Chief United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner (amended a short time later to correct a clerical error) imposing, inter alia, a prison term, as a result of his guilty plea to possessing firearms and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entries 61, 69.)[1] On October 29, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Mebane, 545 F. App'x 186 (4th Cir. 2013).[2] On August 21, 2015, the Court docketed a "Petition for 2255" dated August 18, 2015, signed by Petitioner. (Docket Entry 86.) The United States responded, inter alia, that, because the "[P]etition was filed almost seven months after the one-year limitation period in 28 U.S.C. § 2255(f)(1) had expired, it must be dismissed as untimely." (Docket Entry 89 at 2.) Petitioner replied. (Docket Entry 91.)

---

[1] Parenthetical citations refer to Petitioner's criminal case.

[2] A thorough search confirmed that Petitioner did not seek certiorari review with the United States Supreme Court.

The instant Petition asserts these three claims:

1) the commencement of a federal criminal case against Petitioner "while state charges were still pending . . . is DOUBLE JEOPARDY" (Docket Entry 86 at 1; see also id. at 2 ("The Fourteenth Amendment's DUE PROCESS CLAUSE extends the DOUBLE JEOPARDY CLAUSE'S protections to state prosecutions."), 5 ("[Petitioner] seeks relief from conviction [d]ue to double sentences in state court and Federal Court . . . ."));

2) Petitioner "was mislead [sic] because [he] was told by Federal Prosecutor that state charges would be dismissed" (id. at 4); and

3) Petitioner "had no fingerprints on firearm, nor any residue on hands" (id. at 5; see also id. ("Hands not tested by arresting officer either.")).

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period to file a claim under Section 2255 commenced on or about January 27, 2014, 90 days after the Fourth Circuit affirmed his conviction and his time to seek certiorari review passed. Clay v. United States, 537 U.S. 522 (2003). That one-year period expired on or about January 27, 2015, more than six and a half months before Petitioner filed his instant Petition.

Petitioner's Reply does not contend that the delayed accrual provisions of Paragraphs (2), (3), or (4) of Subsection 2255(f) apply to his instant Petition, but instead "ask[s] the [C]ourt to excuse [him] for not filing [it] on time [because he] d[id]n't have access to [a] law book to work on [his] case [and] just got [his] hands on a Georgetown Law journal and [because he is] in state custody and [state prison officials] don't offer law library's [sic] or anything to help federal [i]nmates." (Docket Entry 91 at 1.) This argument does not warrant equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling."); see also Martinez-Fuentez v. United States, No. 1:10CV357, 2013 WL 4778508, at *2 n.4 (E.D. Tex. Sept. 4, 2013) (unpublished) ("[G]eneralized statements of alleged limited access to legal materials at the prison facility

3

are insufficient to raise an issue of a government-created impediment [under Paragraph (2) of Subsection 2255(f)].").

In sum, Petitioner's Section 2255 Motion is untimely.[3]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for 2255 (Docket Entry 86) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 4, 2016

---

[3] Alternatively, the three claims in the Petition lack merit. The first claim fails as a matter of law in light of the dual sovereignty doctrine. See Bartkus v. Illinois, 359 U.S. 121, 131-32 (1959). Petitioner cannot prevail on the second claim because his plea agreement contains no promise regarding state charges (see Docket Entry 36) and he swore at his guilty plea hearing that no one "made any . . . promises other than those contained in the plea agreement in an effort to get [him] to plead guilty" (Docket Entry 71 at 13-14). See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict [a defendant's] sworn statements." (internal brackets, citations, ellipsis, and quotation marks omitted)). Petitioner's third claim falls short whether it challenges (A) his conviction, see United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."), or (B) the advisory guideline range adopted by the Court for sentencing purposes, see United States v. Foote, 784 F.3d 931, 943 (4th Cir.) (concluding that challenges to Guidelines calculations are not cognizable in Section 2255 proceeding), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015).

4